**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4125**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TANNER MOREN EAGLE LARCH,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City. Martin K. Reidinger, Chief District Judge. (2:12-cr-00006-MR-WCM-4)

Submitted: November 17, 2020                Decided: November 19, 2020

Before MOTZ and KEENAN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Eric Anthony Bach, Charlotte, North Carolina, for Appellant. R. Andrew Murray, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The district court revoked Tanner Moren Eagle Larch's term of supervised release based on his drug use and possession of firearms and sentenced him to eight months' imprisonment, which is to run consecutively to the sentence imposed for his new criminal convictions based on his possession of firearms. On appeal, Larch challenges his revocation sentence, arguing that the court did not adequately weigh his mental health history or the fact that he was poised to receive a separate sentence for the same conduct. Larch further contends that there is no evidence the court understood that it could impose a sentence at the bottom of or below his policy statement range or that it was not obligated to run his revocation sentence consecutively to the sentence imposed for his new criminal convictions. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release. We will affirm a revocation sentence if it is within the statutory maximum and not plainly unreasonable." *United States v. Webb* 738 F.3d 638, 640 (4th Cir. 2013) (citation and internal quotation marks omitted). "[W]e first consider whether the sentence imposed is procedurally or substantively unreasonable." *Id.* Only when the sentence is unreasonable will we determine whether the sentence "is plainly so." *Id.* (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after consider the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (footnote omitted); *see* 18 U.S.C. § 3583(e)

2

(listing relevant factors). "[A] revocation sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Slappy*, 872 F.3d at 207 (alteration and internal quotation marks omitted). A sentence, like Larch's, that is "within the policy statement range is presumed reasonable." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (internal quotation marks omitted).

In fashioning an appropriate sentence, "the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the history of the violator." U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b) (2018). "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010) (internal quotation marks omitted). The court "must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a detailed-enough manner that [we] can meaningfully consider the procedural reasonableness of the revocation sentence." *Slappy*, 872 F.3d at 208. An explanation is sufficient if we can determine "that the sentencing court considered the applicable sentencing factors with regard to the particular defendant before it and also considered any potentially meritorious arguments raised by the parties with regard to sentencing." *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018) (alterations and internal quotation marks omitted).

We conclude that Larch's challenges to the reasonableness of his sentence are without merit. In its thorough explanation, the district court stated that a consecutive revocation sentence for Larch's possession of firearms is appropriate because it punishes conduct separate from the sentence imposed for his new criminal convictions—that is, his substantial and serious breach of the court's trust. And we have found nothing in the record suggesting that the court believed that it was obligated to impose a consecutive sentence or that it did not have the authority to impose a lower sentence within or below Larch's advisory policy statement range. Finally, we conclude that the court adequately considered Larch's mental health history, as it recommended that he receive any necessary treatment while incarcerated. *See United States v. Nance*, 957 F.3d 204, 213 (4th Cir. 2020) (stating that court's consideration of defendant's personal characteristics may be inferred from recommendation for appropriate treatment), *cert. denied*, No. 20-5825, 2020 WL 6385951 (U.S. Nov. 2, 2020).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*